# Fourth Street. Anderson's Appeal.

*Opening streets—Notice to property owners—Review.*

A report of viewers appointed to open a street set forth that they met after due and legal notice to all persons interested, and the owners of lots or parts of lots adjacent to said street. No exceptions were filed to the report, and the report was confirmed absolutely. A petition to set aside the report on the ground that no notice had been given to the owners was dismissed. *Held*, on certiorari, that the decree should be affirmed.

*Boroughs—New borough—Plans—Opening of streets.*

A plan of streets adopted by a borough and filed in the office of the clerk of the court of quarter sessions will answer for a new borough formed from the original borough, and covering territory included in the plan filed.

*Boroughs—Statutes—Acts of April* 3, 1851, *and May* 16, 1891.

The power of a borough of its own motion to open or widen a street under the act of April 3, 1851, P. L. 320, is not impaired by the act of May 16, 1891, P. L. 75, providing for the passage of ordinances for such purposes on the petition of a majority of the property owners.

Argued Nov. 1, 1893. Appeal, No. 214, Oct. T., 1893, by Margaret Anderson, E. B. McAbee and Salinda Anderson, property owners, from order of Q. S. Allegheny Co., March T., 1892, No. 73, refusing to set aside proceedings to open street in Oakmont borough. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Petition to set aside proceedings to open street.

From the record it appeared that, on May 11, 1892, the burgess and members of council of Oakmont borough petitioned the court to appoint viewers to open Fourth street in said borough. The petition averred that the borough of Oakmont, was a borough organized under the act of April 3, 1851, and its supplements, and was composed of territory detached from the borough of Verona by decree of the court of quarter sessions of Allegheny county, at No. 60, Sept. T., 1886; that Fourth street is a street in the " General Plan of Verona Borough " approved by councils (of said Verona Borough) Sept. 11, 1872, being the plan referred to in the act of April 22, 1873, entitled " An act authorizing the borough of Verona, in the county of Allegheny, to open any part or parts of streets," said Fourth street being entirely within the limits of Oakmont borough.

" That the town council of Oakmont borough, by ordinance passed February 29, 1892, and recorded in the Ordinance Book of said borough, provided for the opening of a part of said street, to wit, that portion lying between E and G streets, both being open and used as public highways.

" That said ordinance was published in one newspaper published in said county, and by at least twelve copies thereof put up in as many of the most public places of said borough of Oakmont more than ten days before the signing of this application, a copy of which ordinance is hereto attached and part hereof.

" That said Fourth street is located between Railroad avenue and Fifth street in said borough."

Viewers, duly appointed, reported in part as follows:

" That in pursuance of said order, after due and timely notice, according to law, the viewers met, on the premises described in the said order and in the petition, filed on June 2, 1892, and after being duly sworn, proceeded to view said premises, having prior thereto given due and legal notice to all persons interested and the owners of property, or lots or parts of lots, adjacent to said street, and thereupon proceeded to view the said property, located between E street and G street, and the location of that portion of Fourth street proposed to be opened over the same ; and that, thereupon, having made the said view, as aforesaid, and having had regard to both the advantages and disadvantages caused to the several properties along the line of and adjoining the said street proposed to be opened, from, or by reason of, the opening of the said Fourth street, from E street to G street, we are of the opinion and so report, that the property of Salinda Anderson is injured thereby in the amount of two hundred dollars, and we do hereby assess the damages to the said Salinda Anderson at the sum of two hundred dollars by reason of the opening of said street, as aforesaid.

" We further proceeded to ascertain the names of all owners of lots, or parts of lots, which may be benefited, or be increased in value, and which are adjacent to the said Fourth street, and find that no property adjacent to the said street is benefited or increased in value over and above all disadvantages by the opening of the said street, except the property of which M. J. Smalley is owner," etc.

The report of the viewers was confirmed nisi on June 11, 1892. No exceptions were filed, and, on Oct. 29, 1892, the report was confirmed absolutely. On June 16, 1893, Margaret J. Anderson, E. B. McAbee and Salinda Anderson, presented their petition in which they averred :

" That your petitioners are owners of property abutting on Fourth street, between E and G streets, in the borough of Oakmont. That said Fourth street, between E and G streets, was laid out in 1872, and dedicated to the public by Peter Bright, recorded Nov. 13, 1872, in the recorder's office of Allegheny county. And that said Fourth street, between E and G streets, was accepted and used by the public from, to wit, 1881, until the present time, is still so used by the public, and has never been vacated by order of the court or otherwise.

" That, on May 11, 1892, at No. 73, March term, 1892, of this court, a petition of the borough of Oakmont, praying for the appointment of seven viewers, under the borough act of . 1856, to locate said Fourth street, between E and G streets, according to the original plan of the borough of Verona, and to assess the damages and benefits, was presented; and said viewers filed their report at above number and term on June 11, 1892, and, no exceptions having been filed thereto, said report was confirmed Oct. 29, 1892.

" Your petitioners aver that Godfrey Brenner and O. M. Bossert, of the viewers appointed by the court, were not freeholders at the time of the appraisement, and their respective wives owned property on Fourth street, near the line of improvement; and that W. A. Diamond, another viewer, owned property at the time of the appraisement on Fourth street on the line of improvement.

" That damages assessed in favor of Salinda Anderson, namely, two hundred dollars ($200) are grossly inadequate and unjust.

" That said Margaret J. Anderson and E. B. McAbee, two of the petitioners, had no notice of the proceedings of viewers, written or otherwise, and did not learn of the same until April, 1893.

" That said Fourth street, as laid out and reported by said viewers in accordance with original plan of Verona, includes twenty-five feet of Fourth street, as dedicated by said Peter Bright's heirs and used by the public.

" That no damages have been paid under said report of viewers, nor has any attempt been yet made to open the street.

" That said Fourth street, as dedicated and used by the public, and as now used, has never been vacated; nor has there ever been a petition filed to have the same vacated.

" That the viewers have filed no draft or plan of the street proposed to be opened.

" That the records show that the ordinance was only published in one newspaper, and notice of the same should have been published in two.

" That the borough of Oakmont has no general plan or map.

" That Fourth street is not a street by any plan of Oakmont borough, and was never adopted as a street by the borough of Oakmont.

" That the act of assembly of 1873, being a special act for the borough of Verona, will not apply to the borough of Oakmont.

" Wherefore, the petitioners claim the proceedings at No. 73 March term, 1892, to be illegal, and pray the court to grant a rule to show cause why the same should not be vacated, set aside and quashed."

The borough filed an answer, denying that the street alleged to have been dedicated by the heirs of Peter Bright had ever been accepted by the authorities, and also denying the material averments of the petition. The court refused to set aside the proceedings.

*Errors assigned* were (1) discharge of rule; (2) refusal to set aside proceedings.

*J. W. Kinnear*, for appellants.—The notice to owners was insufficient: Trickett Borough Law, § 225, p. 281; Taylor Avenue, 146 Pa. 638; Central R. R. of New Jersey's Ap., 102 Pa. 38; Plumcreek Township, 110 Pa. 547; Act of April 3, 1851, § 7, art. 3, P. L. 320.

As no plan was attached to the report, the proceedings were irregular: Act of May 16, 1891, P. L. 75; April 3, 1851, P. L. 320; Hanover Borough's Ap., 150 Pa. 202.

The system provided by the act of 1891 for opening streets seems entirely inconsistent with the system of the act of 1856.

When there is evidence of an express dedication a much less length of user by the public is needed to justify the inference of an acceptance by the public than where there has been mere user without evidence of expressed dedication: Com. v. Moorehead, 118 Pa. 352; Noble Street, 5 Whart. 334.

The act of April 21, 1873, validating the plan of Verona borough was not such legislation as would make the various unopened streets binding on the property owners and territorial in application until said borough passed some ordinance adopting the street as a public street, and opening the same, or until damages had been assessed on account of said street.

*J. P. Hunter*, for appellee.—The plan of Verona borough was sufficient to sustain the proceedings: Verona Borough's Ap., 108 Pa. 83; C Street, Verona Boro., 118 Pa. 171.

This plan was, long prior to the erection of Oakmont borough, filed in the office of the clerk of quarter sessions, and therefore it is difficult to understand the necessity of an additional plan every time a street is to be opened.

The decree of the quarter sessions erecting the borough of Oakmont does not repeal the provisions of the act of April 21, 1873, P. L. 824.

The court cannot legislate, and territory once made the objects of legislation remains subject to the law imposed : Parsons v. Winslow, 1 Grant, 160 ; Lackawanna Co. v. Stevens, 105 Pa. 466 ; Irwin v. McCallin, 28 Pitts. L. J. 322 ; Crawford Co. v. Meadville, 101 Pa. 573.

The decree of confirmation of the report is a final adjudication of the question of notice, and all matters of fact involving the merits : Road in South Abington, 109 Pa. 122 ; Sheridan Ave. in Bellevue, 138 Pa. 264 ; Plumcreek Twp. Road, 110 Pa. 547 ; Road in Lower Merion, 18 Pa. 238 ; Road in Springdale Tp., 91 Pa. 260.

Counsel, on authority of Taylor Avenue, 146 Pa. 638, insist that notice of the proposition of the laying out of the street must be given as provided by the act of 1851, but his argument ignores the fact that this is not a street ordained and enacted under the act of 1851, on the contrary it is a street ordained and enacted under the special act of 1873.

Under the act of 1851, council had power to ordain, enact and provide for the street; the opening was under the general road law of 1836.   This was changed by the act of 1856 : Parkesburg Borough Streets, 124 Pa. 523.

The alleged street in the Bright plan does not conform to this general plan, but is about twenty-five feet further east, overlapping the street proposed.   The effect of the opening of the street according to the Bright plan would be that, at either end of the Anderson property, there would be an offset of twenty-five feet.   The question as to its being a public highway was adjudicated against the position now urged by appellant, and that adjudication remains unappealed from and unreversed.

The act of April 22, 1856, Purd. Dig. 212, P. L. 527, is not repealed by the act of May 16, 1891 : Hand v. Fellows, 148 Pa. 456 ; McCall v. Coates, 148 Pa. 462 ; Hanover Borough's Ap., 150 Pa. 203.

PER CURIAM, November 13, 1893:

We find nothing in this record that calls for a reversal of the decree of the court below. Neither of the specifications is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.